1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROMEO BALEN, individually, and on behalf of
all other similarly situated,

               Plaintiff,

    v.

HOLLAND AMERICA LINE, INC.,

               Defendant.

No. CV07-0645 RSM

DECLARATION OF JACOB M.V.
DIVINO IN SUPPORT OF
MOTION TO COMPEL
ARBITRATION AND TO
DISMISS

I, Jacob M.C. Divino, declare as follows:

1.    **_Identity of Declarant._**  I am the Corporate Secretary of United Philippine Lines, Inc. ("UPL").  I am also an attorney admitted to practice in the Republic of the Philippines.  I make the following statements based on personal knowledge and on records in my possession as Corporate Secretary.

2.    **_Role of the POEA._**  The Philippine Overseas Employment Administration ("POEA"), a division of the Department of Labor and Employment of the Republic of the Philippines, closely regulates employment of Filipino seamen by foreign corporations.  Through the POEA, the government of the Philippines regulates the form and content of seamen's employment contracts with overseas employers, as well as other aspects of the hiring process.  Further, foreign employers seeking to employ seamen from the Republic of the Philippines must do so through employment agencies licensed by the POEA.

DIVINO DECLARATION IN SUPPORT
OF ARBITRATION MOTION  (C07-0645 RSM) — 1
SEA 2037409v1 0020397-000081

Davis Wright Tremaine LLP
LAW OFFICES
1201 THIRD AVENUE · SUITE 2200
Seattle, Washington 98101
(206) 622-3150 · Fax: (206) 757-7136

3.      *UPL's Relationship to Holland America Line Inc.*  The POEA has licensed UPL as an employment agency.  UPL functions as the exclusive employment and bargaining agent for Holland America Line Inc. ("HAL") in the Philippines.  In that capacity, UPL recruits, hires, trains, processes, and provides orientation to Filipino applicants for employment with HAL.  UPL also negotiates collective bargaining agreements and provides other legal support for HAL in the Philippines.

4.      *Balen Contract of Employment.*  Each Filipino seaman who accepts employment by a cruise line must sign a POEA-approved Contract of Employment.  The POEA-approved Contract of Employment incorporates, through reference to Department Order No. 4, the Standard Terms and Conditions Governing the Employment of Filipino Seafarers On Board Ocean Going Vessels.  I am attaching as Exhibit A a true and correct copy of Plaintiff Romeo Balen's signed POEA-approved Contract of Employment.  I am attaching as Exhibit B a true and correct copy of signed Standard Terms and Conditions Governing the Employment of Filipino Seafarers On Board Ocean Going Vessels, signed by Romeo Balen.  I am also attaching as Exhibit C, for the court's convenience, a true and correct copy, in a larger print, of the Standard Terms and Conditions Governing the Employment of Filipino Seafarers On Board Ocean Going Vessels.

5.      *Collective Bargaining Process.*  In addition to the protections afforded by the POEA, the Associated Marine Officers' and Seamen's Union of the Philippines ("AMOSUP") represents Filipino seamen and bargains on behalf of its members with companies who seek to employ Filipino seamen, including HAL.  The terms of any collective bargaining agreement entered into by AMOSUP and a cruise line supplement the Standard Terms and Conditions Governing the Employment of Filipino Seafarers On Board Ocean Going Vessels.  UPL represents HAL for purposes of negotiating collective bargaining agreements between HAL and AMOSUP.

6.      *Collective Bargaining Agreement.*  I am attaching as Exhibit D a true and correct copy of the collective bargaining agreement entered into by UPL, on behalf of HAL,

DIVINO DECLARATION IN SUPPORT
OF ARBITRATION MOTION  (C07-0645 RSM) — 2
SEA 2037409v1 0020397-000081

Davis Wright Tremaine LLP
LAW OFFICES
1201 THIRD AVENUE · SUITE 2200
Seattle, Washington 98101
(206) 622-3150 · Fax: (206) 757-7136

1   and AMOSUP on July 7, 2004, covering the period of January 2004 through December 2006.

2   As required by Philippine law, the POEA reviewed and approved this collective bargaining

3   agreement.

4        7.      **Supplementary Agreement.**  I am attaching as Exhibit E a true and correct

5   copy of a Supplementary Agreement entered into by UPL, on behalf of HAL, and AMOSUP

6   on February 14, 2005, which discusses HAL's Gratuity and Incentive Program for Beverage

7   personnel (the "Gratuity Plan").  The Supplementary Agreement supplements and clarifies the

8   collective bargaining agreement attached as Exhibit D.  The parties negotiated the

9   Supplementary Agreement entirely in the Philippines and signed the Supplementary

10  Agreement in the Philippines.  As required by Philippine law, the POEA reviewed and

11  approved the Supplementary Agreement.

12       8.      **Balen's Acknowledgement.**  I am attaching as Exhibit F a true and correct

13  copy of Plaintiff Romeo Balen's signed Acknowledgement of the terms of the Gratuity Plan.

14       9.      **Arbitration.**   Section 29 of the Standard Terms and Conditions, attached as

15  Exhibits B and C, provides for the resolution of disputes and expressly confers exclusive

16  jurisdiction of disputes affecting Plaintiff Romeo Balen's employment on the National Labor

17  Relations Commission of the Philippines or any accredited Philippine Voluntary Arbitrator. I

18  am familiar with these dispute resolution processes, and they are commonly used to resolve

19  disputes between Filipino workers and their overseas employers. Under Philippine law, when

20  jurisdiction is vested exclusively on a particular tribunal, no other court may hear and decide

21  the dispute, and any case filed elsewhere must be dismissed by virtue of such stipulation.

22       I declare under penalty of perjury under the laws of the United States of America that

23  the foregoing is true and correct to the best of my knowledge and belief.

24       Executed this 20th day of June, 2007, at Manila, Republic of Philippines.

25

26                                           Jacob M.C. Divino

27

DIVINO DECLARATION IN SUPPORT
OF ARBITRATION MOTION  (C07-0645 RSM) — 3
SEA 2037409v1 0020397-000081

Davis Wright Tremaine LLP
LAW OFFICES
1201 THIRD AVENUE  ·  SUITE 2200
Seattle, Washington 98101
(206) 622-3150  ·  Fax: (206) 757-7136